UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NELSON, ) | |
|    Plaintiff, ) | |
| ) | Case No. 17-1182 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
|    Defendants ) | |

MERIT REVIEW AND CASE MANAGEMENT ORDER

     The Plaintiff, a pro se prisoner, has filed a complaint, [1]; two motions for appointment of counsel, [5, 6]; and a motion for a temporary restraining order. [9]. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     Plaintiff has named five Defendants including the Illinois Department of Corrections, John Doe #1, John Doe #2, Sergeant Baylor and Lieutenant Bennett. Although Plaintiff has included a lengthy grievance in the middle of his filing, (Comp., p. 5-15), the Court will only consider the claims clearly stated in the body of Plaintiff's complaint. (Comp., p. 16-18). Plaintiff says on August 24, 2016, John Doe #1 and John Doe #2 handcuffed him from behind and took him to the dining room during an apparent search of Pontiac Correctional Center. Plaintiff informed the officers he was

a 66-year-old inmate with degenerative joint disease, and asked the officers to handcuff him in the front. The officer's refused and Plaintiff was forced to sit in excruciating pain for two hours. When Plaintiff began to moan, the officers told him to stop. Plaintiff explained he was in pain and again asked to be cuffed in the front. When Plaintiff continued to moan, the officers forced him face first into a wall and ordered him to his knees. Plaintiff says the officers continued to use their bodies to push him into the wall until he could no longer breathe and he passed out.

The next thing Plaintiff remembers is yelling for help, but he was moved to a seat and forced to continue sitting, handcuffed from behind, and in extreme pain. Plaintiff says Defendants Sergeant Baylor and Lieutenant Bennett saw the entire incident, but did not intervene.

Plaintiff has adequately alleged Defendants John Doe #1 and John Doe #2 used excessive force against him on August 24, 2016, and Defendants Baylor and Bennett failed to intervene to stop the use of excessive force. However, Plaintiff has not articulated an official capacity claim or a claim against the Illinois Department of Corrections.

The Court notes it is unclear if Plaintiff properly exhausted his administrative remedies for his allegations. The Administrative Review Board returned his grievance claiming it was untimely, but the Plaintiff claims he filed an emergency grievance and Defendants refused to provide a response. This is not an issue that can be addressed based on the face of Plaintiff's complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative

defense is so plain from the face of the complaint that the suit can be regarded as frivolous").

Plaintiff has also filed a motion for an emergency temporary restraining order and a preliminary injunction. [9]. A temporary restraining order (TRO) can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. Fed. R. Civ. P. 65(b)(2). A court may only grant the motion if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). This relief is warranted "to prevent a substantial risk of injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). A TRO is an "emergency remedy" designed to "maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Crue v. Aiken,* 137 F.Supp.2d 1076, 1082 (C.D.Ill. April 6, 2001).

On the other hand, a preliminary injunction can be issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* Fed. R. Civ. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

In addition, in the context of prisoner litigation, the Prisoner Litigation Reform Act (PLRA) places further restrictions on courts' remedial power. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012); *Johnson v. Lashbrook*, 2017 WL 958509, at *1–2 (S.D.Ill. March 13, 2017). Pursuant to the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Plaintiff repeats the claims in his complaint. However, Plaintiff also says he has asked Medical Director Dr. Tilden to approve a front cuff permit on multiple occasions, but each request was denied. In addition, Plaintiff says the Illinois Department of Corrections has a practice of condoning the use of excessive force and torture. Plaintiff asks for an immediate order directing officers to use front cuffs when handcuffs are necessary for Plaintiff.

Based on Plaintiff's motion, it appears an inmate needs medical approval for a front cuff permit. Plaintiff admits he did not have this approval during the incident alleged in his complaint. If true, the John Doe Defendants would not be required to put

4

Plaintiff in front cuffs when they first took him from his cell. However, Plaintiff claims after two hours, he told the officers he was in extreme pain. The Defendants responded by violating his Eighth Amendment rights when they refused to remove the cuffs and applied additional force causing him to pass out.

If medical approval is needed for a front cuff permit, then none of the named Defendants could provide the action requested by Plaintiff in his motion for injunctive relief. In addition, Plaintiff has presented no evidence that he suffers from degenerative joint disease, nor that it is serious enough to warrant a front cuff permit. Finally, Plaintiff's complaint does not allege a pattern and practice of using excessive force. Instead, Plaintiff's complaint alleges one incident of excessive force which occurred nearly one year ago. Plaintiff has not met his burden for either a temporary restraining order or a preliminary injunction and his motion is denied.[9]

Finally, Plaintiff has filed two motions for appointment of counsel. [5, 6]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff claims he has written to four different law firms, but has not received a response. [5, 6]. Nonetheless, Plaintiff's claims of excessive force and failure to protect from the use of excessive force are not complex. Plaintiff's complaint demonstrates he is capable of explaining what happened including the Defendants' actions, and the impact on Plaintiff. In addition, once the Defendants are served, the Court will enter a Scheduling Order with information to assist a pro se litigant and requiring the parties to provide initial, relevant discovery. Based on the information available to the Court, Plaintiff's motions for appointment of counsel are denied. [5, 6].

**IT IS THEREFORE ORDERED:**

1.  Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges Defendants John Doe #1 and John Doe #2 used excessive force against him August 24, 2016, and Defendants Baylor and Bennett failed to intervene to stop the use of excessive force. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.  This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3.     The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4.     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.     Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6.     Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The Plaintiff is advised that he must identify the names of his Doe Defendants in order to effect service on them. The Marshals cannot serve unidentified Defendants. If the Plaintiff does not know the name of a Defendant, he must discover it by filing a discovery request upon the known Defendants after they have been served, or, if those Defendants do not provide an answer, a motion to compel with the Court. Failure to timely identify and serve the Doe Defendants may result in their dismissal from the case. *See* Fed. R. Civ. Proc. 4(m).

11. **Plaintiff's motion for a temporary restraining order or preliminary injunction is denied. [9].**

12. **Plaintiff's two motions for appointment of counsel are denied. [5, 6].**

13. **The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

14. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

Entered this 20th day of July, 2017.

                                        s/ James E. Shadid
                          _____
                                      JAMES E. SHADID
                                UNITED STATES DISTRICT JUDGE