UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NELSON, )<br>  Plaintiff, )<br>  )<br>  )<br>ILLINOIS DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>  Defendants ) | Case No. 17-1182 |

SUMMARY JUDGMENT ORDER

This cause is before the Court for consideration of Defendants Dustin Bayler and Joseph Bennett's motion for summary judgment on the issue of exhaustion of administrative remedies. [18].

Plaintiff alleges Defendants John Doe #1 and John Doe #2 used excessive force against him at Pontiac Correctional Center on August 24, 2016, and Defendants Baylor and Bennett failed to intervene to stop the use of excessive force. *See* July 20, 2017 Merit Review Order.

I.  FACTS

The Illinois Department of Corrections (IDOC) has an established grievance process. *See* 20 Ill. Admin. Code §§ 504.800 *et seq.*  An inmate must first submit a written grievance on the appropriate form to their counselor. 20 Ill. Admin. Code § 504.810(a). The grievance must be submitted within 60 days of the alleged incident or problem.

The grievance officer must review the grievance and report his or her findings and recommendations to the Chief Administrative Officer or Warden within two months of receipt "when reasonably feasible under the circumstances." 20 Ill. Admin.

1

Code § 504.830(e). The Warden will then review the recommendations and advise the inmate of the Warden's final decision in writing.

If the inmate is not satisfied with the Warden's response, he or she can file a written appeal to the IDOC Director through the Administrative Review Board. The appeal must be filed within 30 days of the Warden's decision. 20 Ill. Admin. Code § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six month after receipt of the grievance "where reasonably feasible under the circumstances." 20 Ill. Admin. Code § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

An inmate may also request his grievance be handled on an emergency basis by sending it directly to the Chief Administrative Officer. 20 Ill.Admin. Code. §504.840. If the Warden determines the grievance is an emergency, the Warden "shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." 20 Ill.Admin. Code. §504.840(b). However, if the Warden determines the issue is not an emergency, the inmate "shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 Ill.Admin. Code. §504.840(c).

The parties agree the relevant grievance in this case is dated September 14, 2016. Defendants maintain the grievance was filed as a standard, non-emergent grievance. (Def. Mot, p. 6). However, the Plaintiff says he did submit the grievance as an emergency grievance sending it directly to the Warden, and he filled in the box indicating it was an emergency. In addition, the copy provide by the Defendants clearly is marked as an emergency grievance. (Def. Mot., Sept. 14, 2016 Grv.). Defendants chose not to file a reply addressing this inconsistency, and based on the record, the Court must assume the September 14, 2016 grievance was an emergency grievance.

Defendants further claim Plaintiff never submitted his grievance at Pontiac Correctional Center, but Plaintiff says he submitted his grievance through the standard procedure of placing the grievance in his cell bars for pick up by correctional officers. The parties agree Plaintiff did not receive a response to this September 14, 2016 grievance.

Plaintiff was aware IDOC procedures require all grievances must be submitted within 60 days of the alleged incident. Therefore, when Plaintiff had not received a response one month later, he sent the Warden a letter with a second copy of his grievance on October 24, 2016. The letter noted Plaintiff had first submitted the grievance in September of 2016, but he did not receive a response. Plaintiff again requested a response. (Plain. Resp., p. 16).

Plaintiff's letter was returned with a handwritten note stating "[o]riginal grievances must be submitted. This complaint was not received in the Warden's office.

3

Re-submit." (Plain. Resp., p. 16). Plaintiff says he did not receive this response until October 26, 2016, after the 60 day deadline had expired.

Since there was nothing more Plaintiff could do at the facility, he appeal to the ARB on October 27, 2016. The ARB denied his appeal on November 1, 2016. The board noted Plaintiff's grievance did not have a response from the grievance officer or the warden. In addition, the claims involving the use of excessive force were untimely.

Defendants have also provided a log of grievances Plaintiff successfully filed and appealed to the ARB to demonstrate he is familiar with the grievance procedures.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993). "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts,

4

and drawing all reasonable inferences from those facts, in favor of the nonmoving party." *Laskin v. Siegel,* 728 F.3d 7314, 734 (7th Cir. 2013) (internal quotation marks omitted).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 261 (Brennan, J., dissenting) (1986) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252.

III. ANALYSIS

Defendants maintain Plaintiff cannot demonstrate he successfully exhausted his administrative remedies for his allegations before he filed his lawsuit on April 28, 2017. The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit

5

in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo, v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir.2002) "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006); *Pozo,* 286 F.3d at 1025 (prisoner must file complaints and appeals "in the place, and at the time, the prison's administrative rules require").

Defendants note there is no record Plaintiff ever submitted his September 14, 2016 grievance at Pontaic Correctional Center and the ARB ultimately denied the grievance as both untimely and for failure to provide a grievance officer or warden's response.

Nonetheless, the "defendants must show not only that (the Plaintiff) did not adhere to the grievance process, but also that the process was available to him." *Richmond v. Dart*, 2012 WL 6138751, at *3 (N.D.Ill. Dec. 11, 2012). The PLRA, does not define "availability" for purposes of the exhaustion requirement. However, the Seventh Circuit has held that the "availability of a remedy is not a matter or what appears on paper, but, rather, whether the paper process was in reality open for the prisoner to pursue." *Wilder v Sutton*, 2009 WL 330531 at *3 (7th Cir. Feb. 11, 2009) *citing Kaba v Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). For instance, the grievance procedure is unavailable "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "In such cases, the prisoner is considered to have

6

exhausted his administrative remedies." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016); *see also Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013) (collecting cases).

While Defendants argue Plaintiff did not submit an emergency grievance, the copy of the September 14, 2016 grievance submitted by all parties is clearly marked as an emergency. Defendants claim Plaintiff did not submit his grievance at the facility, but Defendants have not established there is any record keeping to establish if a grievance was, or was not, submitted through the institutional mail.

Defendants make no mention of the second copy of the grievance Plaintiff sent to the Warden wondering why he had not received a response. Instead of simply processing this second submission, the Warden insisted Plaintiff resubmit the original. More important, Plaintiff resubmitted his grievance six days before the expiration of the required 60 day deadline, but the Warden did not respond until the deadline had expired. Plaintiff still appealed to the ARB, but he was told his grievance was untimely.

Based on the record before the Court, the Defendants have not demonstrated Plaintiff failed to exhaust all available administrative remedies before filing his lawsuit. The summary judgment motion is therefore denied. [18].

## IV. JOHN DOE DEFENDANTS

Plaintiff claims he is a 66-year-old inmate with degenerative joint disease. Plaintiff alleges the two John Doe Defendants used excessive force when they were working as members of an Orange Crush Team herding all inmates into the dining room area on August 24, 2016. Plaintiff's complaint alleges a long encounter with the

7

two officers which lead to him passing out. Plaintiff further alleges Defendants Sergeant Baylor and Lieutenant Bennett saw the entire incident, but did not intervene.

Plaintiff is unable to identify the Doe Defendants because he claims he could not see their faces in the tactical team gear. Therefore, the Court will set this case for a telephone status hearing to set discovery deadlines and attempt to identify the Doe Defendants.

Defense counsel is to confer with Defendants Baylor and Bennett to see if they can confirm the identity the two tactical team members who dealt with the Plaintiff. If they are unable to provide the specific names, Defendants must provide the names of the individuals who took part in the August 24, 2016 incident with as much particularity as possible.

IT IS THEREFORE ORDERED:

1) Defendants motion for summary judgment on the issue of exhaustion of administrative remedies is denied. [18].

2) This matter is set for a telephone status hearing pursuant to Federal Rule of Civil Procedure 16 on June 27, 2018 at 11:00 a.m. in compliance with this order. The Clerk is to issue a writ for Plaintiff's participation in the hearing.

ENTERED this 5th day of May, 2018.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE